Darren P.B. Rumack
THE KLEIN LAW GROUP
39 Broadway Suite 1530
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiffs and the putative class.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
**ELIDA JIMENEZ and MARIA SANTOS MARTINEZ,**
*Individually and on behalf of others similarly situated,*

**Plaintiffs**

v.

**COMPLAINT**
Index No.

**COLLECTIVE ACTION UNDER**
**29 USC § 216(b)**

**JURY TRIAL DEMANDED**

**AURA E. FERNANDEZ, Individually**
**and 3236 BAINBRIDGE AVE. FOOD CORP.**
**d/b/a MAR & TIERRA RESTAURANT AND LOUNGE**

**Defendants.**
------------------------------------------------------------------x

1. Plaintiffs Elida Jimenez and Maria Santos Martinez (collectively "Plaintiffs"), individually and on behalf of others similarly situated, allege as follows:

## NATURE OF THE ACTION

2. This Action on behalf of Plaintiffs, individually and on behalf of other similarly situated employees of 3236 Bainbridge Ave. Food Corp. d/b/a Mar Y Tierra Restaurant and Lounge ("Mar & Tierra"), and Aura E. Fernandez individually (collectively "Defendants"), who performed work at Mar & Tierra as non-exempt restaurant workers (collectively "restaurant workers"), seeks the recovery of unpaid wages and related damages for unpaid minimum wage

and overtime hours worked, while employed by Defendants. Plaintiffs seek these damages under the applicable provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

3. Throughout the course of Plaintiffs' employment, Defendants failed to compensate its non-exempt employees with overtime premiums for hours worked over 40 per workweek.

4. Plaintiffs and restaurant workers are not exempt from the overtime pay requirements under federal or state law.

5. Defendants have failed to monitor and/or properly record the actual hours worked by its non-exempt employees.

6. Defendants have applied the same employment policies, practices and procedures to all of its restaurant workers.

## JURISDICTION AND VENUE

7. This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## PARTIES

9. Plaintiff Elida Jimenez, a resident of New York State, was employed as a server for Defendants from 2011 through summer 2018. Plaintiff was employed by Defendants during the relevant limitations periods.

10. Plaintiff Maria Santos Martinez, a resident of New York State, was employed as a cook for Defendants from 2010 through summer 2018. Plaintiff was employed by Defendants during the relevant limitations periods.

11. Plaintiffs' consent to sue forms are attached as Exhibit "A."

12. Mar & Tierra is a New York Corporation and operates a restaurant located at 3236 Bainbridge Ave, Bronx, NY 10467.

13. Defendant Aura E. Fernandez is the owner of Mar & Tierra.

14. Upon information and belief, Mar & Tierra has an annual gross volume of sales in excess of $500,000.00.

15. At all relevant times, corporate Defendants have been and continue to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

16. All Defendants are hereinafter collectively referred to as "Defendants."

## FLSA COLLECTIVE ACTION ALLEGATIONS

17. Plaintiffs bring the First and Third Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 USC § 216(b), on behalf of all similarly situated non-exempt employees who were employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

18. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions,

and are and have been subjected to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay the lawful minimum wage to all employees and refusing to pay one and one half times the employees' regular rate of pay for work in excess of (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

19. The First and Third Claims for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 USC § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants and via email.

## FACTUAL ALLEGATIONS

20. Defendants committed the following alleged acts knowingly, willfully and intentionally.

21. Defendants knew that the nonpayment of minimum wage and overtime pay to Plaintiffs and the restaurant workers would economically injure Plaintiffs and the restaurant workers and violated state and federal laws.

### Elida Jimenez

22. Plaintiff Jimenez ("Jimenez") was employed as a server for Defendants from 2011 through summer 2018.

23. Throughout the course of her employment, Jimenez generally worked six (6) days per week for Defendants.

24. Throughout the course of her employment, Jimenez regularly worked from 7:00 am through 4:00 pm.

25. Jimenez was paid at a rate of $40.00 per day for the first 2.5 years; $50.00 per day for the following 2.5 years; and $60.00 per day for the remainder of her employment.

26. Jimenez was paid in cash on a weekly basis.

27. Jimenez also received $18.00-$20.00 per day in tips, but Defendant Fernandez would also take half of her tips every time they worked together on a shift.

**Maria Santos Martinez**

28. Plaintiff Martinez ("Martinez") was employed as a cook for Defendants from 2010 through summer 2018.

29. Throughout the course of her employment, Martinez generally worked six (6) days per week for Defendants.

30. Throughout the course of her employment, Martinez regularly worked from 7:00 am through 5:00 pm.

31. Martinez was paid at a rate of $200.00 per week in cash.

32. Plaintiffs and the restaurant workers often worked in excess of forty (40) hours per workweek.

33. Plaintiffs and the restaurant workers were paid straight time for their hours worked over forty (40) per week.

34. Defendants unlawfully failed to pay the Plaintiffs and the restaurant workers one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek.

35. Defendants violated the New York State's Wage Theft Prevention Act because it failed to provide Plaintiffs and the restaurant workers with a written notice of their rate of pay and failed to keep proper payroll records as required under New York law.

36. Defendants further violated the New York Wage Theft Prevention Act because it failed to provide Plaintiffs and the restaurant workers with pay stubs (or wage statements) that contained all of the required information and/or accurate information.

37. Defendant Fernandez has control over Mar & Tierra's pay procedures, including but not limited to setting rates of pay for employees.

38. Defendant Fernandez has hiring and firing authority over Mar & Tierra's employees.

39. Mar & Tierra's liquor license lists Defendant Fernandez as the principal.[1]

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act-Minimum Wage Violations Brought By Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs**

40. Plaintiffs, individually and on behalf of the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

41. The minimum wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.*, and the supporting federal regulations apply to Defendants and protects Plaintiffs and the FLSA Collective Plaintiffs.

42. Defendants have willfully failed to pay Plaintiffs and the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

43. As a result of Defendants' unlawful acts, Plaintiffs and the FLSA Collective Plaintiffs have been deprived of minimum wage compensation and other wages in an amount to

---

[1] https://www.tran.sla.ny.gov/servlet/ApplicationServlet?pageName=com.ibm.nysla.data.publicquery.PublicQuerySuccessfulResultsPage&validated=true&serialNumber=1251894&licenseType=OP

be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

## SECOND CAUSE OF ACTION
### New York Labor Law-Minimum Wage Violations

44. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

45. The minimum wage provisions of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiffs.

46. Defendants have willfully failed to pay Plaintiffs the New York State minimum wage for all hours worked.

47. Defendants' knowing or intentional failure to pay Plaintiffs minimum wage for all hours worked is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

48. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre-judgment and post-judgment interest, costs and other compensation pursuant to the New York Labor Laws.

## THIRD CAUSE OF ACTION
### Fair Labor Standards Act-Overtime Wages Brought By Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs

49. Plaintiffs, individually and on behalf of the FLSA Collective Plaintiffs, re-allege and incorporate by reference all allegations in all preceding paragraphs.

50. The overtime wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.*, and the supporting federal regulations apply to Defendants and protect Plaintiffs, and the FLSA Collective Plaintiffs.

51. Defendants have willfully failed to pay Plaintiffs and the FLSA Collective Plaintiffs the overtime wages for hours worked in excess of forty (40) hours in a workweek.

52. As a result of Defendants' unlawful acts, Plaintiffs and the FLSA Collective Plaintiffs have been deprived of overtime compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

## FOURTH CAUSE OF ACTION
### New York Labor Law-Unpaid Overtime

53. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

54. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiff.

55. Defendants have willfully failed to pay Plaintiffs the overtime wages for hours he worked in excess of forty (40) hours in a workweek.

56. Defendants' knowing or intentional failure to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

57. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre and post judgment interest, costs and other compensation

## FIFTH CAUSE OF ACTION
**New York Spread of Hours Provisions-NY Comp. Code R & Regs. Tit. 12 § 146-1.6**

58. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

59. Plaintiffs regularly had workdays that lasted more than ten (10) hours.

60. Defendants willfully and intentionally failed to compensate Plaintiffs one hour's pay at the basic New York State minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

61. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre and post judgment interest, costs and attorneys' fees, as provided by NYLL § 663.

## SIXTH CAUSE OF ACTION
**New York Labor Law-Record Keeping Violations**

62. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

63. Defendants failed to make, keep and preserve accurate records with respect to Plaintiffs, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

64. Defendants failed to provide Plaintiffs with a written notice of rate of pay as required by NYLL § 195.

65. Defendants' failure to make, keep and preserve accurate records was willful.

66. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, in an amount to be determined at trial, costs and attorneys' fees, as provided by NYLL § 198.

## PRAYER FOR RELIEF

67. WHEREFORE, Plaintiffs, individually and on behalf of the putative class prays for relief as follows:

    a. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

    b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law;

    c. Designation of this action as a collective action pursuant to the FLSA on behalf of the FLSA Collective Plaintiffs and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated member of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

    d. Designation of Plaintiffs as representative plaintiffs of the FLSA Collective Plaintiffs;

    e. Penalties available under applicable laws;

    f. Costs of the action incurred herein, including expert fees;

    g. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

    h. Pre-judgment and post-judgment interest, as provided by law; and

i.  Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs on behalf of themselves hereby demand a jury trial on all causes of action and claims with respect to which they have a right.

Dated: New York, New York
November 12, 2019

Respectfully submitted,

The Klein Law Group P.C.

By: _____
Darren P.B. Rumack (DR-2642)
39 Broadway, Suite 1530
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiffs and the putative class.*

## **CONSENT TO BECOME PARTY PLAINTIFF**

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of Mar & Tierra and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

_Maria Sant_     _11/12/19_          _Maria Santo_
Signature             Date                     Printed Name

## **CONSENT TO BECOME PARTY PLAINTIFF**

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of Mar & Tierra and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

_Elida T. Jimenez_  11/12/19          Elida T. Jimenez
Signature              Date            Printed Name